### MENTAL CAPACITY OF A TESTATOR.

Court of Appeals for Muskingum County.

ELLA SHUEY ET AL V. DELLARD FINK.

Decided, November Term, 1915.

*Wills—Contest of—Error in Admitting Opinion of Witness as to the Mental Capacity of the Testator.*

In an action to set aside a will, the question of the mental capacity of the testator is for the jury, and it is error to permit a question to be answered which calls for the opinion of the witness as to whether the testator was capable of making a will.

*J. H. Whartenby* and *H. E. Buker,* for plaintiffs in error.
*P. H. Tannehill,* contra.

HOUCK, J.

The defendant in error brought suit in the Common Pleas Court of Muskingum County, Ohio, alleging in his petition that a certain paper writing, which had been admitted to probate in said county as the last will and testament of Jacob Fink, deceased, was not his valid last will and testament, because at the time of the signing of the same the said Jacob Fink was not of sound mind and competent to make a will.

The cause was submitted to a jury, and a verdict rendered finding that the paper writing was not the last will and testament of said Jacob Fink, and a judgment was entered on the verdict. The plaintiffs in error, the defendants below, have prosecuted error to this court, seeking a reversal of the judgment below, and setting forth in their petition in error several grounds of alleged error; but we think, for a proper determination of this case, it is only necessary to refer to but one of the alleged errors, to-wit, did the court err in admitting certain testimony offered by plaintiff below over the objection of the defendants below, and if so, was it prejudicial to the rights of said plaintiffs in error?

The testimony complained of is that of Laura Fink, who in part testified as follows:

"Q. Now, Mrs. Fink, basing your opinion upon what you saw there daily of the old man, and particularly from the time of his sick spell in the spring or summer of 1912, and before the time the will was signed, December 12, 1912, basing your opinion upon the matters you have heretofore testified about, what is the opinion that you have formed as to whether or not Mr. Fink was capable of planning and executing such a paper as was here offered as his will?

"(Objection by counsel for defendant; sustained.)

"Q. I will change the question. Whether or not he was competent to execute a will?

"(Objection by counsel for defendant.)

"Q. I insist. To execute or make a will.

"(Objection sustained.)

"Q. Basing your opinion upon what you have testified to, and from your knowledge and daily observations of the old gentleman at the time this will was made, what would you say as to whether or not his mind was clear?

" (Objection by counsel for defendant; overruled; exceptions.)

"Q. I will change the question. Keeping in mind what you observed as to the old gentleman there, in your observation of him daily, as you have already detailed and testified about here, have you an opinion as to whether or not he was competent to make a will?

" (Objection by counsel for defendant; sustained.)

"Q. Mrs. Fink, I want to put this question to you: Basing your opinion upon what you observed as to the condition of the old man and upon what you have already testified to, do you think that Mr. Fink had the mental capacity to comprehend the nature of the act he was performing, the extent of his property of which he was disposing, a realization of the relation which he held to those who had claims upon him, and an ability to make a rational selection among them?

This was objected to by counsel for the defendant, and the objection was sustained by the court, but after some preliminary questions in explanation of this question counsel renewed the question, and the witness was permitted to answer, and her answer to the last question quoted above was, "I don't think he knowed."

Keeping in view the questions that precede the last one and the answers sought to be obtained by them, and the question to be determined by the jury under the issue raised in the case at bar, we think the court erred in permitting the answer to the last question quoted above to go to the jury. It was a question for the jury to determine, under proper evidence, as to whether or not Jacob Fink was of sound mind and memory and possessed mental capacity sufficient to make a will, and not for the witness to determine that he was or was not so qualified. We think this question was not a proper one, and that the answer thereto should have been excluded from the jury. The question referred to inquired for the witness's knowledge of the mentality required to make a will. The jury was impaneled to try and determine as to whether or not Jacob Fink was of sound mind, or whether or not he possessed mental capacity, at the time the alleged paper writing was executed, sufficient to make a will; and that question was not to be determined by the opinion of the witness.

The question referred to contains this language: ''Do you think that Mr. Fink had the mental capacity to comprehend the nature of the act he was performing?'' This certainly referred to the act of making a will, and that was the question to be submitted to the jury, and it was the duty of the jury to determine this fact, and not for the witness. The question called upon the witness (not in so many words, but in the plain meaning and import of the words used in the question) to state what her opinion was as to the capacity of the testator to make a will. This branch of the inquiry involved a question of law and fact, and, to the extent that capacity was involved in the issue, the very question to be, determined by the jury. It furthermore assumed that the witness knew the degree of capacity which the law required for the performance of the act of executing a will.

Taking this view of the case, and finding error in the record, as hereinbefore indicated, prejudicial to the rights of the plaintiffs in error, we think the judgment of the common pleas court should be reversed, and therefore the judgment is reversed and the cause remanded to the common pleas court for a new trial.

SHIELDS, J., and POWELL, J., concur.